**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| TONY JOHN LUKER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C06-0090-LRR<br>No. CR03-0061-LRR<br><br>ORDER |

      This matter comes before the court on Tony John Luker's motion to vacate, set aside or correct sentence (Docket No. 1). Tony John Luker ("the movant") filed his motion pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the movant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id.*; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion

(continued…)

## I. BACKGROUND

On June 9, 2003, the government filed a criminal complaint against the movant. On June 27, 2003, the grand jury returned, and the government filed, an indictment against the movant. On September 22, 2003, the movant appeared before the undersigned. Ultimately, the movant pleaded guilty to the only count contained in the indictment.[3] On January 16, 2004, the court sentenced the movant to 180 months imprisonment and 4 years supervised release. On the same date, judgment entered against the movant. On January 20, 2004, the movant filed a notice of appeal. On appeal, the movant argued that the court erred when it denied his motion to suppress and erred when it granted the government's motion in limine regarding the admission of evidence supporting his justification defense. On February 2, 2005, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See generally United States v. Luker*, 395 F.3d 830 (8th Cir. 2005). Although the movant sought further review, the Supreme Court denied certiorari on October 3, 2005.

On July 3, 2006, the movant filed the instant motion. In his 28 U.S.C. § 2255 motion, the movant challenges his conviction and resulting sentence based on two grounds. Specifically, the movant claims the government did not have jurisdiction to prosecute him and counsel provided ineffective assistance because he did not determine whether jurisdiction existed.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion.

---

(…continued)
under 28 U.S.C. § 2255).

[3] The conduct charged in count one of the indictment is in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).

## II. ANALYSIS

### A. *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255*

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (clarifying that a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

### B. Standards Applicable to Ineffective Assistance of Counsel Claims

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v.*

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

*Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the

5

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### C. The Movant's Claims

The movant's challenge regarding jurisdiction is without merit. The court's power to adjudicate a federal criminal case arises under 18 U.S.C. § 3231. Such statute, in relevant part, provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

"As Judge Easterbrook succinctly observed, 'subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . That's the beginning and the end of the "jurisdictional" inquiry.'" *United States v. Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). Consequently, the court unquestionably had jurisdiction over the movant's criminal case.

To the extent the movant argues that Congress exceeded its authority under the Commerce Clause by enacting 18 U.S.C. § 922(g), such argument must fail. On numerous occasions, the Eighth Circuit Court of Appeals has rejected the argument that 18 U.S.C. § 922(g) is unconstitutional, that is, the Eighth Circuit Court of Appeals has concluded that the enactment of 18 U.S.C. § 922(g) was not beyond the scope of congressional authority. *See United States v. Leathers*, 354 F.3d 955, 959 (8th Cir. 2004) (rejecting interstate-commerce challenge to the defendant's prosecution under 18 U.S.C. § 922(g)); *United States v. Gary*, 341 F.3d 829, 835 (8th Cir. 2003) (noting that it has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)); *United States v. Shepard*, 284 F.3d 965, 969 (8th Cir. 2002) (concluding claim that the crime of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), is not directed at interstate commerce and, therefore, is not a constitutional exercise of power is without merit); *United States v. Stuckey*, 255 F.3d 528, 529-30 (8th Cir. 2001) (holding that 18 U.S.C. § 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause).

Further, any challenge regarding geographical jurisdiction and/or venue is also without merit.

> "'Proper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure.'" *United States v. Morales*, 445 F.3d 1081, 1084 (8th Cir. 2006) (quoting *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998)). "A violation of federal law may be prosecuted 'in any district in which such offense was begun, continued, or completed.'" *Id.* (quoting 18 U.S.C. § 3237(a)). . . . "The government bears the burden of proving venue by a preponderance of the evidence." *United States v. Bascope-Zurita*, 68 F.3d 1057, 1062 (8th Cir. 1995).

*United States v. Johnson*, 2006 U.S. App. LEXIS 22811 *8-9 (8th Cir. 2006). Clearly, the record establishes that the movant, while in the Northern District of Iowa (Anamosa,

Iowa, Jones County), did knowingly possess in and affecting commerce a firearm and ammunition. Given the movant's admissions during his change of plea hearing, there is sufficient evidence to prove by a preponderance of the evidence that venue was proper in the Northern District of Iowa.[5]

Finally, to the extent the movant is attempting to argue that the federal prosecution interferes with state jurisdiction, such argument is meritless. "The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner." *Derengowski v. U.S. Marshal*, 377 F.2d 223, 224 (8th Cir. 1967). Moreover, if the movant's actions violate state law and federal law, the state sovereign, the federal sovereign or both sovereigns may prosecute the movant. *Leathers*, 354 F.3d at 959-60.

In light of its prior conclusion regarding the movant's claim regarding jurisdiction, the court finds counsel's failure to raise a futile or frivolous issue cannot constitute ineffective assistance. *Strickland*, 466 U.S. at 689. In addition, the court finds the movant was not prejudiced in this regard. *Id.* at 692-94. Stated differently, the court must conclude that counsel did not provide ineffective assistance when he allegedly failed to determine whether jurisdiction existed. Because he did not prove either prong of the *Strickland* test, the movant's ineffective assistance of counsel claim fails.

Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

## D. *Certificate of Appealability*

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of

---

[5] The court notes that there is no merit to any claim that jurisdiction is lacking because the crime did not take place on federally owned land. *See United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999).

8

appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the movant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (Docket No. 1) is DENIED.

2) A certificate of appealability is DENIED.

**DATED** this 12th day of September, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA